# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 23-cv-00742-GBW |
| ) | |
| v. ) | |
| ) | |
| AION MANAGEMENT, LLC; ) | Jury Trial Demanded |
| LELAND POINT OWNER, LP; AP ) | |
| COSMOPOLITAN, LLC; AP ) | |
| GREENSPRING, LLC; AP ) | |
| LIVINGSTONE, LLC; AION ) | |
| UNIVERSITY VILLAGE, LLC; ) | |
| AP EAST POINTE, LLC; and AP ) | |
| HUNTERS CROSSING, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF-INTERVENORS' COMPLAINT-IN-INTERVENTION

Defendants AION Management, LLC, Leland Point Owner, LP, AP Cosmopolitan, LLC, AP Greenspring, LLC, AP Livingstone, LLC, AION University Village, LLC, AP East Pointe, LLC, and AP Hunters Crossing, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, respectfully submits the herein Answer to Plaintiff-Intervenors, Fair Housing Partnership of Greater Pittsburgh, Inc. ("FHP"), Housing Equality Center of Pennsylvania ("HECP"), and National Fair Housing Alliance ("NFHA"), Complaint-In-Intervention (D.I. No. 22) (hereinafter "Complaint").

### INTRODUCTION

1. Admitted.

2. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial. Additionally, Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

3. The herein averments amount to legal conclusions to which no responsive pleading is required.

4. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

5. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

6. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial. Additionally, Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants

and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

7. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

8. Denied, with strict proof thereof demanded at trial.

9. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

## JURISDICTION AND VENUE

10. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the same are denied, with strict proof thereof demanded at trial. By way of further answer, Defendants assert that the Court lacks jurisdiction over this action as Plaintiff and Plaintiff-Intervenors lack standing pursuant to Article III of the United States Constitution to bring the same.

11. The herein averments are legal conclusions to which no responsive pleading is required. To the extent response is necessary, the same are denied, with strict proof thereof demanded at trial.

## PARTIES

12. Admitted.

13. Defendants lack sufficient knowledge regarding Plaintiff-Intervenor, Fair Housing Partnership of Greater Pittsburgh, Inc.'s ("FHP") organization, business, and/or activities to be able to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

14. Defendants lack sufficient knowledge regarding Plaintiff-Intervenor, Housing Equality Center of Pennsylvania's ("HECP") organization, business, and/or activities to be able to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

15. Defendants lack sufficient knowledge regarding Plaintiff-Intervenor, National Fair Housing Alliance's ("NFHA") organization, business, and/or activities to be in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

## FACTUAL ALLEGATIONS

### Plaintiffs-Intervenors' Investigation

24. Defendants lack sufficient knowledge regarding the herein averments to be able to admit or deny the same. The same are therefore denied, with strict proof thereof demanded at trial.

25. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

26. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. Defendants specifically deny the communications attributed to its employees, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

### The Alden South Hills

27. Admitted.

28. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

29. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or

deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

30. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

31. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

32. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

**Cosmopolitan Apartments**

33. Admitted.

34. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

35. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

36. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

## Greenspring Apartment Homes

37. Admitted.

38. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at

trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

39.   Defendants are without sufficient knowledge as to the alleged tester's thoughts, interpretations, or understanding of alleged conversations with Defendants' employees, such that Defendants are unable to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

### Livingstone Apartment Homes

40.   Admitted.

41.   Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

### Liberty Pointe Apartment Homes

42.   Admitted.

43.   Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

44.   Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or

deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

45. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

46. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

### Hillside Pointe Apartment Homes

47. Admitted.

48. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective

tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

49. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

50. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

**Hunters Crossing Apartment Homes**

51. Admitted.

52. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

53. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

### Other AION Communities

54. Defendants are without sufficient knowledge regarding the details and scope of Plaintiff-Intervenors' alleged testing investigation and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial. By way of further answer, Defendants maintain policies to ensure that tenants and prospective tenants are provided reasonable accommodations for existing disabilities to allow for equal access and enjoyment of their dwelling.

### HUD ADMINISTRATIVE COMPLAINT

55. Admitted to the extent that Plaintiff-Intervenors filed a Complaint against Defendants with HUD. The allegations, claims, and/or conclusions asserted therein are denied, with strict proof thereof demanded at trial.

56. Admitted to the extent that HUD conducted an investigation relating the Plaintiff-Intervenors' complaint of discrimination. Defendants dispute HUD's conclusions and deny that any of their actions violated any provision of the Fair Housing Act.

57. Admitted to the extent that HUD issued a Charge of Discrimination against Defendants. The claims, allegations, and/or conclusions asserted in the Charge of Discrimination are denied, with strict proof thereof demanded at trial.

58. Admitted.

59. Admitted.

60. Admitted.

61. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial.

### INJURIES TO PLAINTIFFS-INTERVENORS

62. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial.

63. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial. By way of further answer, Defendants lack sufficient knowledge with respect to the alleged injuries suffered by Plaintiff-Intervenors, and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

64. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial. By way of further answer, Defendants lack sufficient knowledge with respect to the alleged injuries suffered by Plaintiff-Intervenors, and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

65. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial. By way of further answer, Defendants lack sufficient knowledge with respect to the alleged injuries suffered by Plaintiff-Intervenors, and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

66. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial. By way of further answer, Defendants lack sufficient knowledge with respect to the alleged injuries suffered by Plaintiff-Intervenors, and are therefore not in a position to admit or deny the herein averments. The same are therefore denied, with strict proof thereof demanded at trial.

67. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial.

68. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial.

69. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent that response is necessary, the same are denied, with strict proof thereof demanded at trial.

## CAUSE OF ACTION

**Violations of the Fair Housing Act, 42 U.S.C. § 3604**

70. Defendants incorporate by reference their responses to Paragraphs 1-69 as if set forth at length herein.

71. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

72. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

73. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

74. The herein averments amount to legal conclusions to which no responsive pleading is required. To the extent response is necessary, the averments are denied, with strict proof thereof demanded at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants wholly deny that they are liable to the Plaintiff and/or Plaintiff-Intervenors on any of the asserted causes of action, or under any theory of liability, and respectfully request that judgment be entered in its favor.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

BY: /s/ Emily E. Mahler
Emily E. Mahler, Esquire (pro hac vice)
Pa. I.D. No. 310058
535 Smithfield Street, Suite 1100

Pittsburgh, PA 15222
Phone: 412-281-4256/Fax: 412-642-2380
emahler@margolisedelstein.com
*Counsel for Defendants*

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the *de minimis* doctrine

### Third Affirmative Defense

In the event that any of the Defendants are found to have violated Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (Fair Housing Act), 42 U.S.C. §§ 3601-3631, or any other applicable law or statute, Defendants' actions and omissions were taken in good faith.

### Fourth Affirmative Defense

Plaintiff and Plaintiff-Intervenors fail to establish any basis for asserting compensatory damages or punitive damages.

### Fifth Affirmative Defense

Plaintiff and Plaintiff-Intervenors fail to establish any basis for an award of attorneys' fees.

### Sixth Affirmative Defense

Plaintiff and Plaintiff-Intervenors fail to establish injuries, harms, or any other basis for monetary damages.

### Seventh Affirmative Defense

Any damages suffered by Plaintiff and/or Plaintiff-Intervenors were proximately caused by their own conduct and not the conduct of any of the Defendants, their employees, or representatives.

### Eighth Affirmative Defense

At all times, Defendants and their employees and representatives acted lawfully and in accordance with all obligations and duties imposed upon them by Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (Fair Housing Act), 42 U.S.C. §§ 3601-3631 and/or any other provision of law.

### Ninth Affirmative Defense

Plaintiff and Plaintiff-Intervenors have failed to establish injuries caused by Defendants' alleged conduct and thus lack standing under U.S. Const., Article III to bring the current action.

### Tenth Affirmative Defense

Any actions taken by Defendants, their representatives and employees, with respect to Plaintiff-Intervenors and/or their employees or volunteers were for legitimate, legal business reasons, and in accordance with all federal, state, and local laws.

### Eleventh Affirmative Defense

Individually named Defendant properties did not engage in any acts or omissions in violation of the provisions of Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (Fair Housing Act), 42 U.S.C. §§ 3601-3631 and/or any other applicable provisions of law, but were at all times in compliance with all federal, state, and local laws.

### Twelfth Affirmative Defense

Defendants are entitled to recover their reasonable attorneys' fees, experts' fees, costs and expenses upon prevailing on any or all of the claims alleged against them to the extent such recovery is allowed by law.

Defendants have not waived, and reserve the right to amend their Answer to assert any additional Affirmative Defenses as they become available, upon leave of Court.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

BY: /s/ Emily E. Mahler
Emily E. Mahler, Esquire (pro hac vice)
Pa. I.D. No. 310058
535 Smithfield Street, Suite 1100
Pittsburgh, PA 15222
Phone: 412-281-4256/Fax: 412-642-2380
emahler@margolisedelstein.com
*Counsel for Defendants*