IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| and | ) ) |
| FAIR HOUSING PARTNERSHIP OF GREATER PITTSBURGH, INC. *et al.*, | ) ) ) Civil Action No. 23-742 (GBW) |
| Plaintiffs-Intervenors, | ) ) ) |
| v. | ) ) |
| AION MANAGEMENT, LLC, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM ORDER**

Before the Court is Defendants AION Management, LLC, Leland Point Owner, LP, AP Cosmopolitan, LLC, AP Greenspring, LLC, AP Livingstone, LLC, AION University Village, LLC, AP East Pointe, LLC, and AP Hunters Crossing, LLC's (collectively, "Defendants") Motion for Reconsideration of the Order Denying the Motion to Dismiss the Amended Complaint and Complaint in Intervention and, in the alternative, Motion to Certify the Order Denying Defendants' Motion to Dismiss for Interlocutory Appeal (D.I. 37) ("the Motions"). The United States filed an Answering Brief in opposition to the Motions (D.I. 43); and the Fair Housing Partnership of Greater Pittsburgh, Inc, the Housing Equality Center of Pennsylvania, and the National Fair Housing Alliance (collectively, "Intervenors," and with the United States, "Plaintiffs") filed an Answering Brief in opposition to the Motions. (D.I. 42; D.I. 43). For the

reasons explained below, the Court DENIES the Motion for Reconsideration and DENIES the Motion to Certify for Interlocutory Appeal (D.I. 37).

I.   **BACKGROUND**[1]

On March 18, 2025, the Court issued an Order denying Defendants' Motion to Dismiss the United States' First Amended Complaint and denying Defendants' Motion to Dismiss the Intervenors' Complaint (D.I. 34) ("the Order"). The Order was accompanied by a Memorandum Opinion, which explained the Court's reasoning (D.I. 33) ("the Opinion"). On April 15, 2025, Defendants filed a Motion for Reconsideration of the Order and, in the alternative, a Motion to Certify the Order for Interlocutory Appeal. (D.I. 37; D.I. 37, Ex. 1 (Defendants' Brief in Support)). On May 13, 2025, Intervenors filed an Answering Brief in opposition to the Motion for Reconsideration and the Motion to Certify for Interlocutory Appeal. (D.I. 42). That same day, the United States filed an Answering Brief in opposition to the Motion for Reconsideration and the Motion to Certify for Interlocutory Appeal. (D.I. 43).

II.   **THE MOTION FOR RECONSIDERATION**

   A.   **Legal Standard**

Defendants move for reconsideration "pursuant to Federal Rule of Civil Procedure 59(e) and/or Federal Rule of Civil Procedure 60(b)." (D.I. 37 at 1). However, neither Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") nor Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") apply here. Rule 59(e) governs motions to alter or amend "a judgment." Fed. R. Civ. P. 59(e). Similarly, Rule 60(b) provides relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Court's Order, which denied Defendants' Motion to Dismiss, is not a "judgment"

---

[1]   The Court writes for the parties, who are familiar with the factual background and the allegations in the United States' First Amended Complaint (D.I. 12) and in Plaintiffs-Intervenors' Complaint (D.I. 22) (together, "the Complaints").

2

for purposes of Rule 59(e) or a "final judgment, order, or proceeding" for purposes of Rule 60(b). *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 Fed. App'x 95, 98 n. 4 (3d Cir. 2013). Instead, non-final orders, like the Order, are considered interlocutory orders. Rule 59(e) and Rule 60(b) "only provide for reconsideration of final judgments, not interlocutory orders." *Gay v. A.O. Smith Corp.*, Civil Action No. 2:19-1311, 2022 WL 2829887, 2022 U.S. Dist. LEXIS 131907, at *13-14 (W.D. Pa. Apr. 21, 2022); *see also Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 747 (D.N.J. 2012) (same).

Motions to review interlocutory orders invoke "the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Pellicano*, 540 Fed. App'x at 98 n.4 (citing *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)); *see also Dayoub v. Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000). A district court should reconsider an interlocutory order when "it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *see also Anthanassious v. Palmer*, 418 Fed. App'x 91, 95 (3d Cir. 2011) ("[A] trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result.") (citation and quotation marks omitted). There is, however, "a presumption against reconsideration of interlocutory decisions;" and, "as a rule[,] courts should be loathe to do so in the absence of extraordinary circumstances." *Id.* at 96; *Bellevue Drug Co. v. CaremarksPCS*, 582 F.3d 432 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

B. **Analysis**

Defendants assert that the Court should reconsider the Order for the following reasons: (1) the Court erroneously found that "necessity" was plead in the Complaints; (2) the Third Circuit has "foreclose[d] liability for a violation of Section 3604(f)(3)(B) in a 'tester' case;" (3) the Court

3

"refused to recognize that Plaintiffs' [Section] 3604(c) claims arise solely from conduct purportedly violating [Section] 3604(f)(3)(b);" and (4) Plaintiffs do not have organizational standing under *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) ("*Alliance*"). (D.I. 37, Ex. 1 at 12, 14, 17-20). The Court briefly addresses each of these arguments below.

### 1. Necessity is Plausibly Alleged in the Complaints

First, Defendants contend that the Court "began and ended its analysis of 'necessity' . . . by concluding that the testers' mere utterance or implication of the word 'necessary' in the course of their tests" was sufficient to plead a claim under Section 3604(f)(3)(B). (D.I. 37, Ex. 1 at 13). Defendants' characterization of the Court's analysis is incorrect. (*See* D.I. 42 at 8-9; D.I. 43 at 14-17, 22-23). The Court carefully analyzed the allegations in the Complaints and concluded that Plaintiffs had plausibly alleged that the testers informed Defendants of various physical impairments from which it was reasonable to infer that an assigned parking space would be necessary. (D.I. 33 at 35-38 (quoting D.I. 12 ¶¶ 22-39; D.I. 22 ¶¶ 24-53); *see also* D.I. 42 at 9 ("[T]he Court credited, specific [alleged] physical impairments from which an assigned parking space would plausibly be necessary, including that testers' family members used canes, crutches, or walkers, were unable to walk more than 100 feet, and experienced fatigue after walking long distances.")). Therefore, reconsideration is not warranted on this basis.

### 2. Testers may Assert a Cause of Action Under Section 3604(f)(3)(B)

Second, Defendants contend that the Third Circuit in *Vorchheimer v. Philadelphian Owners Association*, 903 F.3d 100 (3d Cir. 2018) ("*Vorchheimer*"), foreclosed liability for a violation of Section 3604(f)(3)(B) in cases that involve "testers;" and, thus, Plaintiffs' Section 3604(f)(3)(B) claim cannot proceed as a matter of law. (D.I. 37, Ex. 1 at 14). Defendants are incorrect.

4

In *Vorchheimer*, the Third Circuit held that the plaintiff did not plausibly allege that a particular, requested accommodation was necessary because she had "specifically pleaded [ ] four alternative accommodations in her complaint." *Vorchheimer*, 903 F.3d at 111. The *Vorchheimer* Court did not discuss tester standing nor whether testers are categorically barred from asserting Section 3604(f)(3)(B) claims. Contrary to Defendants' argument, "fair housing organizations can use fictional testers to advance the purposes of the FHA," including Section 3604(f)(3)(B). *See United States v. Perry Homes, Inc.*, Civil Action No. 2:21-977, 2022 U.S. Dist. LEXIS 134801, at *6 (W.D. Pa. July 29, 2022); *see also Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1104 (9th Cir. 2004) (holding that testers have standing to sue under Section 3604(f)(2) and that "interpreting 3604(f)(2) to exclude [testers] from enforcing their rights to be free from discrimination undermines the specific intent of the FHA, which is to prevent disabled individuals from feeling as if they are second-class citizens."); *Access Living of Metro Chi. v. Prewitt*, 111 F. Supp. 3d 890, 899 (N.D. Ill. 2015) (denying defendant's motion to dismiss testers Section 3604(f) claim); *United States v. Hampton Corp.*, 502 F. Supp. 3d 1376, 1381 (D.N.D. 2020) (rejecting theory that "a fair housing organization could never have statutory standing to bring claims under § 3604(f) on its own behalf because it could not have a 'handicap' and be directly discriminated against.") (collecting cases concluding same). Although in "tester cases" there is an inherent gap between the alleged necessity and the ability to prove necessity – because the tester's disability is fictional – "[t]his pleading gap does not defeat the allegations." *Fair Hous. Justice Ctr., Inc. v. Cuomo*, Civil Action No. 18-3196, 2019 WL 4805550, 2019 U.S. Dist. LEXIS 170119, at *34 (S.D.N.Y. Sept. 30, 2019) ("*Cuomo*"). Plaintiffs' Section 3604(f)(3)(B) claims may proceed, and the factfinder will determine whether those claims have ultimately been proven.

### 3. Plaintiffs' Section 3604(c) Claims May Proceed

Third, Defendants contend that Plaintiffs' Section 3604(c) claim is duplicative of their Section 3604(f)(3)(B) claim, and, for the same reasons as above, should be dismissed. However, "Defendants again conflate the pleading standards for reasonable accommodation claims with the pleading standard for discriminatory statement[ ] claims." (D.I. 42 at 10). As explained in the Court's Opinion, "the 'refusal, reasonable accommodation, and necessity/equal opportunity' standard applies to claims asserted under 42 U.S.C. § 3604(f)(3)(B))[ ], not Section 3604(c)." (D.I. at 31 (quoting *Vorchheimer*, 903 F.3d at 111)).

Further, Defendants assert that Plaintiffs do not allege that "Defendants made any statements to the testers indicating or implying that Defendants would not rent to the 'testers' due to their associations with a disabled person, or that they would not be granted an accommodation for the alleged disability of said testers' respective spouse/roommates." (D.I. 37, Ex. 1 at 17). However, Plaintiffs are not required to allege that Defendants explicitly denied them housing or an accommodation. Instead, Plaintiffs must allege that Defendants' statements "would suggest to an ordinary listener that a particular protected class is *preferred or not preferred* for the housing in question." *Cuomo*, 2019 U.S. Dist. LEXIS 170119 at *15 (citing to *Soules v. U.S. Dept. of Hous. & Urban Dev.*, 967 F.2d 817, 824 (2d Cir. 1992)) (emphasis added). Plaintiffs have done so. (*See* D.I. at 25-27 (quoting D.I. 12 ¶¶ 22-39; D.I. 22 ¶¶ 24-53)). Therefore, at this stage in the proceedings, the alleged statements made by Defendants' agents are sufficient to demonstrate that Defendants may have had a "*preference, limitation, or discrimination* based on [ ] handicap" in violation of Section 3604(c). 42 U.S.C. § 3604(c) (emphasis added).

### 4. Plaintiffs Have Established Organizational Standing Under *Alliance*

Fourth, Defendants assert that the Court "misapplied" the Supreme Court's recent holding in *Alliance*, to conclude that Plaintiffs had adequately demonstrated organizational standing at the

6

pleading stage. (D.I. 37, Ex. 1 at 18). The Court has carefully reviewed the Opinion, *Alliance*, and case law from other Courts interpreting *Alliance*. The Court disagrees with Defendants and concludes that the Court did apply *Alliance* to the Complaints correctly. (*See, e.g.*, D.I. 42 at 11-12 (collecting cases interpreting *Alliance* similarly to the Court)); *see also Republican Nat'l Comm. v. N.C. State Bd. of Elections*, 120 F.4th 390, 396-397 (4th Cir. 2024) (finding organizational standing based on an alleged injury to the organization's core mission after *Alliance*). Furthermore, "a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court." *Naimi v. Bisignano*, Civil Action No. 4:24-01391, 2025 WL 1523006, 2025 U.S. Dist. LEXIS 100444, at *5 (M.D. Pa. May 28, 2025). Accordingly, Defendant's fourth argument fails.

III. **THE MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

A. **Legal Standard**

Defendants move pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)") to certify the Order for interlocutory appeal. Section 1292 "imposes three criteria for the district court's exercise of discretion" to grant a motion to certify for interlocutory appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The order must (1) involve 'a controlling question of law,' (2) offer 'substantial ground for a difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id.* The burden is on the movant to demonstrate that all requirements are met. *Isbell v. Patterson*, 962 F. Supp. 2d 738, 759 (M.D. Pa. 2013). Ultimately, however, "[t]he decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 709 (D.N.J. 2013) (internal quotation marks and citations omitted); *see also Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (same).

## B. Analysis

Defendants, in the alternative, move the Court to certify the Order for interlocutory appeal. (D.I. 37, Ex. 1 at 20). Defendants assert that the following question "demands resolution by the Third Circuit Court of Appeals at this stage of the litigation:"

> Does the Third Circuit's ruling in *Vorchheimer*, requiring a pleading of "necessity" in an FHA failure to accommodate case brought pursuant to Section 3604(f)(3)(B), foreclose liability in a "tester" case which fails to set forth facts plausibly alleging that the artificial scenarios manufactured by the Fair Housing Organizations established a nexus between the accommodations requested and their necessity for providing handicapped individuals an equal opportunity to use and enjoy housing?

(D.I. 37, Ex. 1 at 21).

The Court finds that certification for interlocutory appeal is not warranted in this action.

### 1. The Court is Not Persuaded that the Order Presents a Controlling Question of Law

First, the Court is not persuaded that the Order contains a controlling question of law. The Court interprets Defendants' proposed question to challenge its application of *Vorchheimer* to the allegations in the Complaints. (*See* D.I. 43 at 21). However, "judging the sufficiency of a pleading is a context-dependent exercise" that does not ordinarily involve a controlling issue of law, as required for certification. *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010); *Trueposition, Inc. v. LM Ericsson Tel. Co.*, Civil Action No. 11-4574, 2012 WL 4050711, 2012 U.S. Dist. LEXIS 131453, at *7-8 (E.D. Pa. Sept. 14, 2012). In other words, "review of a mixed question of law and fact – one that indisputably involves the Court's application of the law to the allegations in the [Complaints]" – is "inappropriate for interlocutory appeal." *In re Cognizant Tech. Solutions Corp. Secs. Litig.*, Civil Action No. 16-6509, 2021 WL 1016111, 2021 U.S. Dist. LEXIS 50505, at *10 (D.N.J. Mar. 17, 2021) (collecting cases with same conclusion). Here, Defendants challenge whether the Court properly applied the pleading

standards set forth in *Vorchheimer* to the allegations made by testers in this specific case. Therefore, it does not involve a controlling question of law.

### 2. There is Not a Substantial Ground for Difference of Opinion

Second, the Court does not find that there is a substantial ground for difference of opinion. A substantial ground for difference of opinion exists if there is a "'genuine doubt as to the correct legal standard'" or an "'absence of controlling law'" for pleading, or establishing standing, for a Section 3604(f)(3)(B) claim. *Mesabi Metallics Co. LLC v. Cleveland-Cliffs, Inc.*, 667 B.R. 803, 813 (D. Del. 2025). That is not the case here.[2] "Courts in this Circuit – both before and after *Vorchheimer* – have consistently held that § 3604(f)(3)(B) claims are available where testing investigations have, as here, revealed a housing providers' policy of categorically refusing a particular form of reasonable accommodation." (D.I. 42 at 13-14); *see also supra* Section II (B)(2). Additionally, the Court has applied *Vorchheimer*, which is binding precedent, to the facts of this case. (*See* D.I. 30-39). Although Defendants may disagree with the Court's conclusion, "mere disagreement with the district court's ruling" is not enough to demonstrate a substantial

---

[2] To demonstrate a substantial ground for difference of opinion, Defendants cite to two cases from outside the Third Circuit. (See D.I. 37, Ex. 1 at 22 (citing to *Hall v. Hilderbrand*, Civil Action No. 18-434, 2020 U.S. Dist. LEXIS 49487 (D. Colo. Mar. 23, 2020) ("*Hall*") and *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n*, 468 F. Supp. 3d 800 (W.D. Tex. 2020) ("*Harmony Haus*"))). In *Hall*, the court determined that a plaintiff had failed to plead specific factual allegations establishing necessity under Section 3604(f)(3)(B). *Hall*, 2020 U.S. Dist. LEXIS 49487 at *13-15. Similarly, in *Harmony Haus*, the court determined that the plaintiffs improperly alleged that the requested accommodation was "convenient" but not "necessary to ameliorate their handicap." *Harmony Haus*, 468 F. Supp. 3d at 814. Neither case demonstrates that there is genuine doubt as to the correct legal standard nor that there is an absence of controlling law. Further, neither case suggests that testers lack standing under Section 3604(f)(3)(B). Instead, the cases involve "courts' assessments of the particular factual allegations presented and determinations that the allegations at issue did not plead necessity." (D.I. 43 at 25).

ground for difference of opinion. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

### 3. An Appeal Would Not Materially Advance the Ultimate Termination of the Litigation

Third, an appeal would not materially advance the ultimate termination of the litigation. "An interlocutory appeal 'materially advances' the litigation if it '(1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly.'" *In re Quorum Health*, Civil Action No. 24-227, 2024 U.S. Dist. LEXIS 90008, 2024 WL 2271892, at *6 (D. Del. May 20, 2024) (quoting *In re Paragon Offshore PLC*, Civil Action No. 19-78, 2020 U.S. Dist. LEXIS 62552, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020)). As Intervenors correctly observe, "[t]he § 3604(f)(3)(B) question posited by Defendants has no bearing on the § 3604(c) claims in the case, or to Intervenors' other claims under §§ 3604(f)(1) and (2), which Defendants did not move to dismiss."[3] (D.I. 42 at 14). Following an appeal there may still be a need for trial and discovery would not be significantly impacted, as the circumstances and facts underlying Plaintiffs' Section 3604(f)(3)(B) claims overlap with, include, and relate to the circumstances and facts for Plaintiffs' other claims. Therefore, certification on this specific issue would prolong the litigation and not advance its ultimate termination.

---

[3] Although the Third Circuit's review "is not limited to the certified question and may include consideration of 'any issue fairly included within the certified order,'" it is unclear whether the Third Circuit would also resolve the other issues that Defendants have raised in their motion for reconsideration. *Johnson v. NCAA*, 108 F.4th 163, n. 57 (3d Cir. 2024) (quoting *Barbato v. Greystone All., LLC*, 916 F.3d 260, 264 (3d Cir. 2019)). For example, the Third Circuit may not consider whether the "Complaints alleged facts sufficient to demonstrate organization standing under the binding precedent of [*Alliance*], and/or the decision that Plaintiff plausibly pled claims for violations of Section 3604(c) and 3604(f)(3)(B)." (D.I. 37, Ex. 1 at 16). As a result, there may be remaining issues in the case that are not implicated by certification.

In conclusion, and considering the Third Circuit's "general antipathy toward piecemeal appeals," the Court finds that certification for interlocutory appeal is not warranted. *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1998)).

IV. **CONCLUSION**

For the reasons explained above, the Court DENIES Defendants' Motion for Reconsideration and DENIES Defendants' Motion to Certify for Interlocutory Appeal (D.I. 37).

\* \* \*

WHEREFORE, at Wilmington this 26th day of June 2025, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration of the Order Denying the Motion to Dismiss the Amended Complaint and Complaint in Intervention and, in the alternative, Motion to Certify the Order Denying Defendants' Motion to Dismiss for Interlocutory Appeal (D.I. 37) is DENIED.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE