**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | C.A. 23-742-GBW |
| AION MANAGEMENT LLC et al, | |
| Defendants. | |

**ORDER GOVERNING  MEDIATION
CONFERENCES AND MEDIATION STATEMENTS**

**THIS   ORDER   CONTAINS   IMPORTANT   INFORMATION   WHICH
SHOULD  BE  READ  BY  COUNSEL  PRIOR  TO  PREPARATION  OF  A
MEDIATION STATEMENT.**

At Wilmington this **7th** day of **July 2026.**

IT IS ORDERED that:

**MEDIATION CONFERENCE**

1.       A mediation conference is scheduled for **Monday, August 3, 2026** beginning at

**10:00 a.m.**  All required participants (see ¶ 2) are to report at this time to Courtroom 6C and to

remain available until excused by the Court.  **Dress for the mediation is business casual.**

**REQUIRED PARTICIPANTS**

2.       Each party must be represented at the mediation conference by the following required

participants: (a) trial counsel; (b) counsel who is/are familiar with the case; and (c) the party/parties

and/or decisionmaker(s) of the parties, who must have full authority to act on behalf of the parties,

including the authority to negotiate a resolution of the matter and to respond to developments during the mediation process. **Full authority means** that those participants on behalf of a party should be able to make independent decisions and have a knowledge or understanding of the dispute and/or the business objectives/operations of their company to generate and consider solutions and/or to be able to address the negotiation dynamics in mediation. It is *not just* settlement authority, that is, to make an offer or to accept an amount.

In-person attendance at the mediation conference by the required participants described above is required unless otherwise authorized by the Court. Any request to modify this requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel, no later than **fourteen (14) days before** the mediation conference.

## CONTACT INFORMATION FOR REQUIRED PARTICIPANTS

3.　　(a)　　**No later than the date on which mediation statements are due** (see ¶ 4 below), counsel shall provide to the court in a writing **separate from** the mediation statement, for each individual who will be attending the mediation conference: (i) a direct dial telephone work number, (ii) a cell or home telephone number, and (iii) an electronic mail address where the individual can be regularly reached. Unrepresented parties shall provide at least one of these three forms of contact information. AN ORIGINAL and ONE COPY of the letter shall be included with the mediation statements.

## EXCHANGE OF LIST OF PARTICIPANTS ATTENDING MEDIATION

(b)　　**No later than the date on which the mediation statements are due** (see ¶ 4 below), counsel shall submit a list in letter format of all participants, including attorney and non-attorney representatives, who will be attending the mediation on behalf of their party, to the opposing

party or parties.

**CONFIDENTIAL MEDIATION STATEMENTS**

4.        On or before **Thursday, July 23, 2026**, AN ORIGINAL and ONE COPY of a confidential mediation statement containing all of the information required by ¶ 6 shall be submitted **ONLY** to the Magistrate Judge.  The mediation statements **shall not be filed** with the Clerk's Office, **nor emailed to Chambers without permission,** but **shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Judge Sherry R. Fallon and marked "CONFIDENTIAL MEDIATION STATEMENT."**  The statements shall not be exchanged among the parties or counsel (unless the parties so desire), shall not be provided to the trial judge, and shall not become part of the record in this matter.  **Mediation statements shall NOT be electronically filed since they are not part of the Court record.**

5.        The mediation statements may be in memorandum or letter form.  They must be double-spaced, in no less than a 12-point font, and be no longer than **fifteen (15) pages**.

6.        The mediation statements **must** contain each of the following headings and **must** contain a discussion of each of the topics described below:

a)        **"The Parties"**: provide a description of who the parties are, their relationship, if any, to each other, and by whom each party is represented, including the identity of all individuals who will be participating on behalf of a party during the mediation conference.

b)        **"Factual Background"**: provide a brief factual background, clearly indicating which material facts are not in dispute and which material facts remain in dispute.

c)        **"Summary of Applicable Law"**: provide a brief summary of the law, including applicable statutes, cases and standards.  Copies of any unreported decisions (including

decisions from this jurisdiction) that counsel believes are particularly relevant should be included as exhibits (see ¶ 7).

d)    **"Honest Discussion of Strengths and Weaknesses"**: provide an **honest** discussion of the strengths and weaknesses of the party's claims and/or defenses.

e)    **"Settlement Efforts"**: provide a brief description of prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties and the reasons for rejection, and the party's assessment as to why settlement has not been reached.

f)    **"Settlement Proposal"**: describe the party's proposed term(s) for a resolution. Identify any interests or issues not directly involved in this matter that may frustrate or further settlement.  If the party has any suggestions as to how the Court may be helpful in  reaching a resolution, such suggestions should also be described.

g)    **"Fees and Costs"**: list separately each of the following: (i) attorneys' fees and costs incurred to date; (ii) other fees and costs incurred to date; (iii) good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) good faith estimate of additional other fees and costs to be incurred if this matter is not settled.

In addition to the required topics described above, and provided that the mediation statement complies with the page limit stated above, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

7.    Crucial or pertinent documents may be submitted as exhibits to the mediation statement.  Counsel are cautioned to limit such exhibits.

**CONFIDENTIALITY**

4

8.    **The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation nor any other litigation (whether presently pending or filed in the future), and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

## EX PARTE CONTACTS

9.    Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

## REQUEST TO BRING ELECTRONIC EQUIPMENT

10.    Any possession by an attorney of an electronic device shall be permitted in accordance with this Court's Standing Order regarding possession by attorneys of all personal electronic devices and cameras, dated May 15, 2023.  **Any request that representatives of a party be permitted to bring electronic equipment to the mediation conference shall be submitted in a separate motion with a proposed order electronically filed on the docket no later than the date on which the mediation statements are due** (see ¶ 4 above).  Any such request shall include the name(s) of the individuals, a list of the equipment requested to be authorized, and a representation that counsel believes the presence of the requested equipment will be of assistance in the mediation process and that the request is not being made just for convenience.

## OBLIGATION OF GOOD FAITH PARTICIPATION

11.    The required participants shall be available and accessible throughout the mediation process.  The Court expects the parties' full and good faith cooperation with the mediation process.

In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all participants to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

## AVOIDANCE OF SANCTIONS

12.    **All counsel are reminded of their obligations to read and comply with this Order.** Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

6