**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FAIR HOUSING PARTNERSHIP OF GREATER PITTSBURGH, INC. *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>AION MANAGEMENT, LLC, *et al.*,<br><br>Defendants. | CIVIL ACTION<br><br>Case No.: 23-742 (GBW) |

**DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF-INTERVENOR HOUSING EQUALITY CENTER OF PENNSYLVANIA**

**PLEASE TAKE NOTICE,** that pursuant to Fed. R. Civ. P. 30(b)(6), Defendants Aion Management, LLC, AP Greenspring, LLC, AP Hunters Crossing, LLC, Cheltenham Station Apartments, LP, AP Livingstone, LLC, AP Wellington, LLC, AP East Point, LLC, AION University Village, LLC, Leland Point Owner, LP, AP Cosmopolitan, LLC, and Franklin Commons, LP, by and through their undersigned counsel, will take the deposition upon oral examination of Plaintiff-Intervenor Housing Equality Center of Pennsylvania through their designated agent(s), commencing on Wednesday, October 21, 2026 at 9:00 a.m. EST. The deposition will take place at the offices of Emily E. Mahler, Esq. of Margolis Edelstein, The Oliver Building, 535 Smithfield Street, Suite 1100, Pittsburgh, PA 15222, before a notary public or other officer authorized to administer oath and will be recorded by stenographic means. The deposition is taken for the purposes of discovery, for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure.

**PLEASE TAKE NOTICE,** that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff-Intervenor is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on their behalf concerning information known or reasonably available to the organization regarding each of the matters for examination identified below. Plaintiff-Intervenor must designate, in advance of the deposition, each person who will testify on their behalf on the matters on which each designee will testify. If more than one designee is required to provide complete testimony on the listed matters, Plaintiff-Intervenor must so designate.

## MATTERS FOR EXAMINATION

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff-Intervenor shall designate one or more witnesses to testify regarding the following matters:

1. The specific activities regularly conducted by HECP in furtherance of its mission to eliminate housing discrimination and ensure equitable housing opportunities as alleged in Paragraph 15 of the Complaint in Intervention, including but not limited to specific information concerning the "education and outreach, member services, public policy, advocacy, housing and community development, tech equity, enforcement and consulting and compliance programs," and coordination of "investigation and advocacy services" for individuals.

2. HECP's decision to work with Fair Housing Partnership of Greater Pittsburgh ("FHA") and the National Fair Housing Alliance ("NFHA") to "jointly investigate the subject properties to evaluate Defendants' reasonable accommodations process" and to "determine if Defendants were making units available to tenants or applications who have a disability-related need for an assigned parking space."

3. The policies, procedures, and practices, whether formal or informal, written or unwritten, governing the test HECP conducted from January 2020 through December 2020 as to the subject properties identified in the Complaint in Intervention.

4. The policies, procedures, and practices, whether formal or informal, written or unwritten, governing any fair housing investigations or "testing" of any dwelling, property, or housing unit subject to the laws and regulations of the Fair Housing Act, 42 U.S.C. §§ 3601 et al., from January 2018 through the present.

5. The terms or parameters of such "agreement" with NFHA and FHA to jointly investigate the subject properties, whether formal or informal, including any written or

verbal agreements relating to the investigation such as cost sharing, division of labor, project management, administrative costs, reporting the results of said investigation, retaining, hiring and training volunteers or paid employees or contractors to perform said investigation, and any other terms relating to the joint performance of the investigation referenced in Paragraphs 25 and 26 of the Complaint in Intervention.

6. HECP's policies, procedures, practices or directives relating to collection and retention of data and information received in the course of test NFHA conducted from January 2020 through December 2020 as to the subject properties identified in the Complaint in Intervention.

7. Identification of the individuals contracted or employed as "testers" for HECP to effectuate the test HECP conducted from January 2020 through December 2020 as to the subject properties identified in the Complaint in Intervention.

8. The factual basis for each allegation contained in Paragraphs 63 and 64 of the Amended Complaint in Intervention concerning injuries allegedly suffered by HECP as a result of Defendants' conduct.

9. The nature, extent, amount, and calculation of all damages, losses, costs, expenditures, diverted resources, or other injuries allegedly suffered by HECP as a result of Defendants' conduct.

10. The factual basis for HECP's contention that resources were diverted from organizational activities as a result of Defendants' conduct.

11. HECP's knowledge of each organizational activity, project, initiative, program, grant application, training effort, outreach effort, advocacy effort, investigation, or other undertaking that HECP contends was delayed, reduced, modified, cancelled, abandoned, or not performed because of Defendants' conduct.

12. All facts regarding HECP's contention that resources were diverted from developing grant proposals, including the specific grant proposals allegedly affected and the resources allegedly diverted.

13. All facts regarding HECP's contention that its resources were diverted from fair housing work in other jurisdictions, including identification of the affected work, jurisdictions, funding, personnel, and resources.

14. The factual basis for HECP's contention that Defendants' conduct frustrated HECP's organizational missions.

15. The manner in which HECP contends Defendants' conduct impaired, hindered, burdened, or interfered with organizational objectives or mission.

16. HECP's knowledge of all alleged efforts undertaken by HECP or any other entity to "reeducate the public" as a result of Defendants' conduct, including the scope, purpose, timing, personnel involved, costs incurred, and audience reached.

17. The factual basis for HECP's allegation that members of the public were confused or misinformed concerning reasonable accommodations as a result of Defendants' conduct.

18. HECP's knowledge of the planning, authorization, implementation, and execution of any testing, investigation, monitoring, or compliance-review activities involving Defendants from 2018 through the present.

19. Plaintiff-Intervenor's policies, procedures, manuals, protocols, scripts, instructions, training materials, and guidance provided to testers or investigators involved in this matter.

20. HECP's knowledge of expenditures, costs, funding, grants, budget allocations, or other financial resources used in connection with FHP or NFHA's testing or investigation of Defendants.

21. The factual basis for HECP's contention that any tester, investigator, employee, volunteer, or agent was personally denied a reasonable accommodation by Defendants.

22. HECP's annual budgets, budget planning, budget allocations, and actual expenditures relating to testing, investigations, enforcement, education, outreach, advocacy, training, and litigation from 2020 to the present.

23. The existence and operation of any grants, government funding, contracts, or other funding sources supporting HECP's testing, outreach, investigative, advocacy, or enforcement activities.

24. The documents and financial records supporting Plaintiff-Intervenor's claim that they suffered measurable economic injury as a result of Defendants' conduct.

**PLEASE TAKE NOTICE** that Defendants reserve the right to amend or supplement this Notice and the matters for examination, including following the meet-and-confer required by Rule 30(b)(6). The taking of this deposition does not wive, and is without prejudice to, any of defendants' rights, including the right to seek further depositions or other discovery.

**MARGOLIS EDELSTEIN**

*/s/ Emily Mahler*

Emily Mahler, Esq.*
E: emahler@margolisedelstein.com

*/s/ Jennifer L. DeFlitfch*______
Jennifer L. DeFlitch, Esq.*
E: jdeflitch@margolisedelstein.com

*/s/ James E. Huggett*
DE ID #3956
300 Delaware Ave. – Suite 800
Wilmington, DE 19801
P: (302) 313-9609
F: (302) 888-1119

*Attorneys for Defendants AION Management, LLC, AP Greenspring, LLC, AP Hunters Crossing, LLC, Cheltenham Station Apartments, LP, AP Livingstone, LLC, AP Wellington, LLC, AP East Pointe, LLC, AION University Village, LLC, Leland Point Owner, LP, AP Cosmopolitan, LLC, and Franklin Commons, LP*
**admitted PRO HAC VICE*

## CERTIFICATE OF SERVICE

I, Emily Mahler, Esquire, hereby certify that on the date set forth below, true and correct copy of the foregoing Defendants AION Management, LLC, AP Greenspring, LLC, AP Hunters Crossing, LLC, Cheltenham Station Apartments, LP, AP Livingstone, LLC, AP Wellington, LLC, AP East Pointe, LLC, AION University Village, LLC, Leland Point Owner, LP, AP Cosmopolitan, LLC, and Franklin Commons, LP's NOTICE OF DEPOSITION OF PLAINTIFF-INTERVENOR HOUSING EQUALITY CENTER OF PENNSYLVANIA were served via email to the following counsel of record:

John S. Whitelaw (Del. Bar No. 03446)
COMMUNITY LEGAL AID
SOCIETY, INC.
100 West 10th Street, Suite 801
Wilmington, DE 19801
(302) 575-0663
jwhitelaw@declasi.org

Joseph J. Wardenski (pro hac vice)
WARDENSKI P.C. 134 West 29th Street,
Suite 709 New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Morgan Williams (pro hac vice)
D. Scott Chang (pro hac vice) NATIONAL
FAIR HOUSING ALLIANCE 1331
Pennsylvania Avenue NW #650
Washington, DC 20004
(202) 898-1661
mwilliams@nationalfairhousing.org
schang@nationalfairhousing.org

**MARGOLIS EDELSTEIN**

Dated: September 18, 2026

By: /s/ *Emily Mahler*
EMILY MAHLER, ESQUIRE*